IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RAYMOND EDWARD GILL | : | |
|     Petitioner | : | |
| v | : | Civil Action No. JFM-09-643 |
| UNITED STATES OF AMERICA | : | (Related Crim. Case No. B-86-11) |
|     Respondent | : | |

o0o

## MEMORANDUM

The above-captioned motion to vacate was filed on March 12, 2009. The motion to vacate concerns petitioner's 1986 bank robbery conviction. Petitioner also filed a motion to proceed in forma pauperis. Paper No. 2. A filing fee is not required for a motion to vacate filed pursuant to 28 U.S.C. § 2255, therefore the motion to proceed in forma pauperis will be denied as moot.

The motion to vacate is successive. Petitioner filed a motion to vacate in 2002 which was dismissed on April 24, 2002. *See Gill v. United States*, Civil Action No. WEB-02-1401 (D. Md. 2002). The motion may not be considered absent leave to do so from the Fourth Circuit Court of Appeals. *See* 28 U.S.C. §§2244(b)(3)(A)& 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (*en banc*). Under 28 U.S.C. §2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Petitioner has not received the proper certification from the Fourth Circuit. Consequently, this court may not consider the merits of his claim unless and until certification is obtained.

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the

filing of a motion to obtain the aforementioned authorization order.  The procedural requirements and deadlines for filing the motion are extensive.  Consequently, this court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should petitioner wish to seek authorization to file a successive petition with the appellate court.  It is to be emphasized that petitioner must file his pleading with the Fourth Circuit Court of Appeals and obtain authorization to file his successive petition before this court may examine his claims. Since petitioner has failed to comply with the procedural requirements for a successive petition, the motion will be dismissed without prejudice by separate order.


<u>May 5, 2009</u>                                                          <u>/s/                                           </u>
Date                                                                           J. Frederick Motz
                                                                                    United States District Judge